UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER FOSTER,<br>    Plaintiff, | Case No. 1:18-cv-247 |
| vs | Black, J.<br>Bowman, M.J. |
| OHIO DEPT OF REHAB<br>AND CORRECTION, *et al.,*<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

On April 9, 2018, plaintiff, proceeding pro se, initiated this purported class action alleging deprivation of his civil rights by filing a motion for leave to proceed *in forma pauperis*. (*See* Doc. 1).  On May 10, 2018, the undersigned issued a Report and Recommendation recommending that plaintiff's motion to proceed *in forma pauperis* be denied, that plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days would result in the dismissal of his action.  (Doc. 2, at PageID 77).[1]

On March 11, 2019, the District Court entered an Order adopting the undersigned's Report and Recommendation and ordered plaintiff to pay the full $400 fee within thirty (30) days

---

[1]The undersigned found that plaintiff is prohibited by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* because three prior complaints filed by him while he has been a prisoner were dismissed with prejudice at the screening stage for failure to state a claim upon which relief may be granted, and his complaint failed to include allegations suggesting he was in imminent danger of serious physical injury at the time he filed his complaint. (*See* Doc. 2, at PageID 69 n.1, 72-77). The undersigned also found that plaintiff lacked standing to bring claims on behalf of other inmates and was not permitted, as a pro se litigant, to bring a class action. (Doc. 2, at PageID 70). Furthermore, the other individuals named as plaintiffs had not paid the filing fee, moved for leave to proceed *in forma pauperis*, nor signed the complaint. (Doc. 2, at PageID 70).  Additionally, the allegations in the complaint arose out of different transactions or occurrences and involved distinct questions of law and fact.  (Doc. 2, at PageID 70-72).

of the date of the Order. (Doc. 12). To date, more than thirty days after the Court's March 11, 2019 Order, plaintiff has failed to pay the $400 fee.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's March 11, 2019 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution. It is further **RECOMMENDED** that plaintiff's pending motion titled "U.S. Attorney General ADA Request by Plaintiff—Supplemental Complaint Request" (Doc. 11) be **DENIED as moot**.

**IT IS SO RECOMMENDED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER FOSTER,
    Plaintiff,

vs

OHIO DEPT OF REHAB
AND CORRECTION, *et al.,*
    Defendants.

Case No. 1:18-cv-247

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).